# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

SHARAY TYREE CROWDER, )
)
        Petitioner, )
)
vs. )   NO. CIV-19-747-HE
)
JIMMY MARTIN, Warden, )
)
        Respondent. )

## ORDER

Petitioner Sharay Tyree Crowder, a state prisoner appearing *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his state court convictions. On January 6, 2020, United States Magistrate Judge Gary M. Purcell issued a Supplemental Report and Recommendation recommending that the petition for writ of habeas corpus be dismissed as untimely and that grounds one, two, ten and eleven be dismissed for failure to state a claim upon which relief can be granted. Petitioner has filed an objection to the Supplemental Report and Recommendation which triggers *de novo* review.

In the supplemental report, Judge Purcell concluded that petitioner was not entitled to either statutory tolling or equitable tolling of the one-year limitation period and that the petition therefore was untimely. In his objection, petitioner asserts he is entitled to equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408,

418 (2005). The second element of equitable tolling is satisfied if the petitioner has been affirmatively misled. *See* Crowe v. Servin, 723 F. App'x 595, 597-98 (10th Cir. 2018).

Petitioner contends he was affirmatively misled by the state district court when it found that petitioner did not need a copy of his trial transcript to be able to file an application for post-conviction relief and denied his motion for a copy of his trial transcript. Upon *de novo* review, the court concludes the state court did not mislead petitioner. Petitioner could have filed an application for post-conviction relief with the state court even though he did not have a copy of the trial transcript. Equitable tolling therefore does not apply in this case. The petition for writ of habeas corpus is untimely and will be dismissed.

Accordingly, the court **ADOPTS** the Supplemental Report and Recommendation [Doc. #13] and **DISMISSES** the petition as untimely.

**IT IS SO ORDERED**.

Dated this 17th day of March, 2020.

JOE HEATON
UNITED STATES DISTRICT JUDGE